HASTINGS v. FIRST NATIONAL BANK OF CORNING.

Opinion delivered April 12, 1926.

BANKS AND BANKING—LIABILITY TO DEPOSITOR.—Plaintiff, having secured judgment against the estate of decedent for the value of chattels sold by decedent's administratrix belonging to plaintiff's intestate, is not entitled to hold the bank in which the proceeds of such sale were deposited liable for such proceeds, as the bank, not being a party, can not be made liable to another than the original depositor.

Appeal from Clay Circuit Court, Western District; *G. E. Keck,* Judge; affirmed.

*Raley & Ashbaugh* and *C. T. Bloodworth,* for appellant.

*F. G. Taylor,* for appellee.

McCULLOCH, C. J. Appellant's intestate, Anna Zuma, instituted an action in the circuit court of Clay County for the Western District against May Zuma to recover possession of a lot of personal property held by

said defendant in her possession as administratrix of the estate of John Zuma, deceased. During the pendency of that action the plaintiff and defendant entered into an agreement whereby certain property involved in the controversy was to be given to the plaintiff, and the remainder retained by the defendant as such administratrix. The defendant, May Zuma, sold all the property as administratrix of the estate of John Zuma and deposited the proceeds of the sale (notes and cash) with appellee, First National Bank of Corning, to the credit of the administratrix of the John Zuma estate.

The plaintiff, Anna Zuma, died, and appellant became the administrator of her estate, and the cause was revived in his name, and proceeded to final judgment.

When the cause came on for trial, the agreement referred to above, between the original plaintiff and the defendant, was exhibited to the court in evidence, and upon this agreement the court rendered a judgment in favor of appellant as administrator of the estate of Anna Zuma against the defendant, May Zuma, for the value of the property, found by the court to be the sum of $800.70. Appellant afterwards filed the judgment of the circuit court in the probate court, where the administration of the estate of John Zuma was pending, for allowance as a claim against that estate, and he also instituted the present action against appellee to recover the amount of the deposit with appellee to the credit of the John Zuma estate. Appellant alleged in his complaint that the deposit belonged to the estate of Anna Zuma, deceased, but that appellee had refused to pay the same over to him as administrator of said estate. Appellee filed an answer denying that it had any funds on deposit belonging to plaintiff, and upon the issue thus tendered the cause was tried before the court sitting as a jury. The court, after hearing the evidence, rendered judgment in favor of appellee, and an appeal has been prosecuted to this court.

It is conceded that the funds in the bank were credited to the estate of John Zuma, deceased, as a general deposit, and it follows under the law that the relation of

debtor and creditor was thereby established between the depositor and the bank. Counsel for appellant concede the correctness of this rule of law, but they invoke, in behalf of appellant's right of action, the further rule that, where a bank holding funds as a general deposit, receives actual notice that the funds belong to some person other than the depositor, it can only pay the funds out upon order of the true owner. *Carroll County Bank* v. *Rhodes*, 69 Ark. 43. The difficulty with the application of this exception to the general rule is that the funds deposited were not the property of appellant's intestate. The original action by appellant's intestate against May Zuma was to recover possession of specific articles of personal property, and the court rendered final judgment for the value of the property. That was a personal judgment against the defendant, May Zuma, not for specific funds but for the recovery of the value of the property sued for in the action. The bank was not a party to that action, and no process, garnishment or otherwise, has ever brought the bank into court to answer for funds belonging to May Zuma. There is no theory of the law upon which the bank can now be made liable for the funds to other than the original depositor. The right of third persons to sue a bank for a deposit is discussed in the case of *Arkansas National Bank* v. *Martin,* 110 Ark. 578, where we allowed the real owner of funds deposited in a bank to recover from the bank the amount wrongfully deposited by another person in his own name. The opinion in that case excludes the right to recover under circumstances such as are involved in the present case. Appellant's intestate was not the owner of these funds, therefore she had no right to recover the identical funds deposited in the bank to the credit of another.

Judgment affirmed.